UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harvey Preston,

                Petitioner,    Case No. 20-11670

v.                                    Judith E. Levy
                                      United States District Judge

Warden Les Parish,

                                      Mag. Judge Patricia T. Morris

                Respondent.

_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan inmate Harvey Preston filed this petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner was convicted after a jury trial in the Oakland Circuit Court of carjacking, Mich. Comp. Laws § 750.529a, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), unarmed robbery, Mich. Comp. Laws § 750.530, and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c). (*See* ECF No. 1, PageID.1.)

Following his conviction, Petitioner filed an appeal of right in the Michigan Court of Appeals that raised the following claims: (1)

1

insufficient evidence was presented to prove Petitioner's identity as the perpetrator, (2) the trial court erred in admitting the in-court identification testimony of the victim, (3) the trial court erred in denying Petitioner's motion to quash the information, (4) Petitioner was denied his right to a speedy trial, (5) the trial court erred in denying Petitioner's motion for change of venue due to pretrial publicity, (6) Petitioner's jury was not composed of a fair cross-section of the community, (7) the trial court erroneously scored the sentencing guidelines, (8) the prosecutor committed misconduct by commenting on Petitioner's silence, (9) Petitioner was denied the effective assistance of trial counsel, (10) the prosecutor committed misconduct during closing argument, and (11) the trial judge committed misconduct. The Michigan Court of Appeals affirmed. *See People v. Preston*, 2012 WL 5853223, No.298796 (Mich. Ct. App. Oct. 30, 2012).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims along with two additional claims: (12) Petitioner's double jeopardy rights were violated for multiple punishments being imposed for the same offense, and (13) Petitioner's *Miranda* rights were violated. The Michigan Supreme Court

denied leave to appeal. *People v. Preston*, 493 Mich. 969 (April 29, 2013) (Table).

Petitioner then filed his first federal habeas corpus petition in this court, raising all thirteen claims he raised on direct review. The petition was denied on the merits. *Preston v. Gidley*, 2017 WL 4572336; No.14-10606 (E.D. Mich. Oct. 12, 2017). The Sixth Circuit thereafter denied a certificate of appealability. *Preston v. Smith*, No. 17-2389 (6th Cir. April 25, 2018).

Petitioner thereafter filed an application in the Sixth Circuit for an order authorizing him to file a successive federal habeas petition, but the application was denied. *In re Preston*, 2018 U.S. App. LEXIS 33214; No. 18-1847 (6th Cir. Nov. 26, 2018).

Petitioner's current petition asserts three new claims: (1) "the jury was sworn as a hate jury," (2) "inconsistent witness statement," and (3) "judge and inconsistent verdicts." He asserts that these claims are based on newly discovered evidence. (ECF No. 1, PageID.5-9.)

I. Analysis

Federal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant

3

Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall

4

transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The instant case is Petitioner's third attempt to obtain federal habeas corpus relief with respect to his state court conviction. Petitioner cannot proceed with this successive petition, however, without first acquiring permission to file it from the court of appeals. This court does not have jurisdiction to consider Petitioner's successive petition absent an order of authorization from the Sixth Circuit.

## II. Conclusion

Accordingly, it is ORDERED that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

Dated: July 8, 2020　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2020.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager